**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jacquelyn Allen,<br><br>        Plaintiff,<br><br>v.<br><br>Joe Biden, et al.,<br><br>        Defendants. | No. CV-21-01150-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's application to proceed in forma pauperis (Doc. 3) and Plaintiff's original complaint (Doc. 1). The Court now rules.

## I. Legal Standards

### A. 28 U.S.C. § 1915(e)(2)

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. ' 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id*. Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.
…

### B. Rule 8, Federal Rules of Civil Procedure

A claim must be stated clearly enough to enable a defendant to frame a responsive pleading. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into

1 | a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

*Kennedy v. Andrews*, 2005 WL 3358205, *2–*3 (D. Ariz. 2005). Litigants are not required to be absolutely destitute to obtain the benefits of the in forma pauperis statute. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). However, "a plaintiff seeking [in forma pauperis] status must allege poverty with some particularity, definiteness and certainty." *Id*.

When a complaint filed in forma pauperis fails to state a claim or lacks an arguable basis in law "Rule 12(b)(6) and § 1915(d) both counsel dismissal." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The phrase "fails to state a claim on which relief may be granted" of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (holding that a plaintiff "must allege facts, not simply conclusions, that show that an individual was personally involved in [injurious conduct].").

"To prevail on a *Bivens* claim, a plaintiff must show (1) they were deprived of a right secured by the Constitution, and (2) the defendant acted under color of federal law." *Morgan v. United States*, 323 F.3d 776, 780 (9th Cir. 2003). A *Bivens* claims cannot be brought against a federal employee acting in his or her official capacity. *Vaccaro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996). A *Bivens* suit against a defendant in his official capacity is not allowed because it would be another way of pleading an action against the United States, which is barred by sovereign immunity. *Nurse v. United States*, 226 F.3d 996, 1004 (9th Cir. 2000) (noting that customs agents could be sued in their individual capacity but not in the execution of their official duties); *see Solida v. McKelvey*, 820 F.3d 1090, 1095 (9th Cir. 2016) ("An action against an officer, operating in his or her official capacity as a United States agent, operates as a claim against the United States."). The Supreme Court has also held that the President of United States is entitled to absolute immunity from *Bivens* actions. *Nixon v. Fitzgerald*, 457 U.S. 731, 758 (1982).

///

**II.     Analysis**

In the present case, Plaintif asserts a *Bivens* action against two defendants. (Doc. 1 at 2–3). The first listed defendant is Joseph Biden, the current President of the United States. (Doc. 1 at 2). President Biden is entitled to absolute immunity from *Bivens* actions, and thus Plaintiff has failed to state a claim against him. *Nixon*, 457 U.S. at 758.

The second listed defendant in this *Bivens* action is Steve Rosenbaum, Chief of the Special Litigation Section of the Department of Justice Civil Rights Division. (Doc. 1 at 2). The only fact alleged by Plaintiff that could possibly be linked to Mr. Rosenbaum is that Plaintiff "made a complaint with special litigation through civil rights web portal." (Doc. 1 at 4). However, it is unclear how this is related to the remainder of Plaintiff's allegations or the elements of a *Bivens* claim. While Plaintiff asserts that her First and Fifth Amendment rights were violated, she in no way states a plausible claim as to how these rights were violated by Mr. Rosenbaum. (*See, e.g.*, Doc. 1 at 3–5) ("I have been subjected to constant gang stalking/terrorism unnecessary requests by strangers for my ID and personal info and theft of my funds."). Even if Plaintiff has stated cognizable injuries, she has not tied them to the listed defendants. (*See, e.g.*, Doc. 1 at 5) ("I was assaulted by a nurse [at] Juan Luis ER in August 2019. I was harassed and threatened [at] that ER in August 2020 and left with a badly broken wrist."). Plaintiff does not need to prove her claim in her initial pleading, but she must bring forth sufficient factual allegations, related to the defendants, to nudge her claim "across the line from conceivable to plausible." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's failure to mention any action by Mr. Rosenbaum in the complaint does not meet this standard. (Doc. 1). Moreover, a claim arising from submitting a complaint through a Department of Justice website could only relate to Mr. Rosenbaum in his official capacity as a federal employee, not in his individual capacity, and is thus barred. *See Vaccaro*, 81 F.3d at 857.

The Court will allow Plaintiff to amend her complaint, but leave to amend is not encouragement to amend. Any claims submitted to the Court must be non-conclusory and tied to the particular actions of the listed defendants. *See Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). Because there exists a strong presumption in favor of granting leave to amend, and Plaintiff's claims may not be completely futile, the Court will allow Plaintiff one more opportunity to clarify her complaint. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–1052 (9th Cir. 2003).

Although Plaintiff has failed to state a claim, the Court finds her to be in poverty for the purposes of 28 U.S.C. § 1915 and will allow her to proceed in forma pauperis pending the amendment of the complaint. *See Escobedo*, 787 F.3d at 1234. Plaintiff's only reported income is her monthly social security disability payment of $1,537.00 and she calculates $982.00 in monthly expenses. The court filing fee of $402.00 is 26% of Plaintiff's total monthly income, and 72% of her net icome. The Court finds this to be a significant burden on Plaintiff to pursue her claims. *Id*. ("As noted above, there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [in forma pauperis] status. Whatever the standard, $350 is a lot of money to many millions of Americans.").

### III. Conclusion

**IT IS ORDERED** that the Motion to Proceed in forma pauperis (Doc. 3) is granted.

**IT IS FURTHER ORDERED** that the complaint is dismissed, without prejudice, and that Plaintiff may amend and refile the complaint to cure the deficiencies identified above by **August 16, 2021 at 5:00 pm**. If the complaint is not re-filed by this date the Clerk of Court shall enter judgment on this matter.

Dated this 6th day of August, 2021.

James A. Teilborg
Senior United States District Judge